UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
**JUL 2 4 2012**
[signature] CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SKYE LYNN NELSON, | CIV. 11-4021 |
| | CR. 08-40174 |
| Petitioner, | |
| -vs- | MEMORANDUM OPINION AND |
| | ORDER RE: 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | MOTION |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Court held Petitioner Skye Nelson's Section 2255 motion in abeyance so as to allow him the opportunity to amend his motion. In consideration of the prison mailbox rule, Nelson has filed a timely amended Section 2255 motion. In his amended petition Nelson contends in a series of conclusory allegations that his rights under the Fifth, Sixth and Eighth Amendments to the Constitution were violated.

## BACKGROUND

Plaintiff was charged in a 5-count Indictment with the following offenses:

Count 1: engaging in and attempting to engage in a sexual act with a person who at the time was incapable of appraising the nature of the conduct and who was physically incapable of declining participation in and communicating unwillingness to engage in the sexual act, in violation of 18 U.S.C. §§ 1153, 2242(2) and 2246(2);

Count 2: engaging in and causing sexual contact with a person when such person was incapable of appraising the nature of the conduct and physically incapable of declining participation in and communicating unwillingness to engage in the sexual contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(2) and 2246(3);

Count 3: engaging in and attempting to engage in a sexual act with a second person, who at the time was incapable of appraising the nature of the conduct and was physically incapable of declining participation in and communicating unwillingness to engage in the sexual act, in violation of 18

U.S.C. §§ 1153, 2242(2) and 2246(2);

Count 4: engaging in and causing sexual contact with the second person when the second person was incapable of appraising the nature of the conduct and physically incapable of declining participation in and communicating unwillingness to engage in the sexual contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(2) and 2246(3); and

Count 5: conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841 (a)(l) and 846.

Defendant's first attorney filed a motion to suppress statements alleging that Nelson made statements while he was in custody being transported to Sioux Falls, South Dakota, by F.B.I. agents on December 4, 2008, and that these statements were given without a knowing and intelligent waiver of his *Miranda* rights. The response to the motion to suppress contains an F.B.I. report stating, "Prior to the transport, without any questioning or prompting by the investigators, Nelson commented to Officer Hooper, in the presence of and witnessed by SA Behan, that the charges against him were 'bullshit,' except the marijuana charge. Nelson said he was in possession of marijuana when he was stopped by police and 'wasn't going to lie about it.'" The report states that in the ride to the courthouse Nelson, without any questioning or prompting, repeated his admission about the marijuana.

Nelson's original attorney withdrew from his case. Before the rescheduled hearing on the suppression motion Nelson's new attorney moved to continue the rescheduled suppression hearing so that he could spend adequate time discussing a proposed plea agreement with Nelson. The new attorney advised in the motion to continue that the government required a response to the proposed plea agreement before the scheduled suppression hearing. A plea agreement was reached and the hearing on the motion to suppress was cancelled.

The plea agreement involved Nelson pleading guilty to counts 2 and 5 of the Indictment and the Government agreed to dismiss and eventually dismissed Counts 1, 3 and 4 of the Indictment. The maximum penalties for the dismissed offenses charged under 18 U.S.C. § 2242(2) in Counts 1 and 3, which involved different victims and different times, was 20 years and life imprisonment. Nelson was eventually sentenced to 36 months on Count 2 and 24 months on Count 5, with the sentences to run consecutively.

## DISCUSSION

*General Principles of Ineffective Assistance of Counsel*

Petitioner contends that his counsel was ineffective in not requiring a suppression hearing, not adequately preparing before the plea, not objecting to the Report and Recommendation of the Magistrate Judge on accepting Nelson's guilty plea, not objecting to the presentence report, not adequately presenting sentencing issues, and not explaining to Nelson has rights and procedures, including his right to appeal. The Supreme Court has set forth the following standard by which claims for ineffective assistance of trial counsel are to be evaluated:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency prong is met when a defendant shows that counsel's representation fell below the "'range of competence demanded of attorneys in criminal cases.'" *Id.* at 688 (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). The prejudice prong is met when a defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Likewise, in order to prevail on an ineffective assistance of appellate counsel claim, a defendant must establish his counsel's representation was deficient and the deficiency prejudiced the defense. *Zinzer v. Iowa*, 60 F.3d 1296, 1299 (8th Cir. 1995).

*Specific Allegations of Ineffective Assistance of Counsel*

Nelson has not established that counsel was ineffective or that Nelson was prejudiced by counsel's decision to abandon the suppression motion, which only concerned the drug charge, in exchange for a plea agreement that substantially reduced Nelson's exposure to a long prison sentence. It is a common and reasonable tactical decision to abandon a defense or defenses in exchange for a reasonable plea offer. *See Cox v. Lockhart*, 970 F.2d 448, 455 (8th Cir. 1992). In the case at hand, counsel supported abandoning a weak or nonexistent suppression issue in exchange for the dismissal of charges, one of which carried a potential penalty of life imprisonment and another which carried a potential penalty of twenty years. That was a reasonable tactical decision, and counsel had no

reason to object to the report and recommendation regarding the plea.

Nelson's assertions that counsel did not advise him of his constitutional rights is contradicted by the record in the criminal action. The Petition to Plead Guilty and the Magistrate's Report and Recommendation in Defendant's Change of Plea both demonstrate that Nelson was advised of and understood his rights. In his competency proceedings, it was revealed that Nelson malingered during evaluations to exaggerate his intellectual deficits. It is evident from the record, however, that Nelson's counsel was cognizant of what intellectual deficits Nelson possesses and was careful in his communications with Nelson.

Nelson's claims that counsel failed to object to the presentence report and failed to adequately present sentencing issues is refuted by the record in the criminal case. Defense counsel submitted seventeen objections to the presentence report, submitted a sentencing memorandum in Nelson's behalf and competently cross-examined the Government's witnesses at the sentencing hearing on April 26, 2010. A review of the recording of the sentencing hearing demonstrates that Nelson was advised of his appeal rights. At the sentencing hearing the Court advised Nelson of his appeal rights and defense counsel asserted that he had advised Nelson of his appeal rights and that he would further discuss those rights with Nelson. Defense counsel engaged in an off-the- record discussion with Nelson about the appeal rights at the end of the sentencing hearing.

*Fifth Amendment Allegation*

It appears that Nelson contends that his rights under the Fifth Amendment were violated because his statements regarding the drug charge were not suppressed. However, spontaneous statements which are not made in response to questioning by an officer are not subject to suppression because the officer had not yet given a subject his *Miranda* warnings. *United States v McCoy*, 200 F.3d 582 (8th Cir. 2000); *United States v. Waloke*, 962 F.2d 824 (8th Cir. 1992). Had the suppression motion gone to hearing, Nelson would not have prevailed.

*Eighth Amendment Allegation*

The Eighth Circuit Court of Appeals has repeatedly recognized that it is exceedingly rare for an offense that does not have a capital sentence to violate the Eighth Amendment; the Eight Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *See United States v. Rodriguez-Ramos*, 663 F.3d 356 (8th Cir. 2011); *Murphy v. King*, 652 F.3d 845 (8th

Cir. 2011). Nelson has failed to allege any facts which approach an Eighth Amendment violation.

The Court has considered Nelson's remaining allegations and finds them to be without merit. Nelson has again requested that this Court enter an order directing trial counsel to mail his entire file to him. In Docket No. 6 this Court denied nearly the same request without prejudice and directed Nelson to comply with Rule 6 of the Rules Governing Section 2255 Proceedings which requires that he specify the particular document he is seeking, and the reason he is seeking the same. Nelson has not complied with the rule, and his request is denied.

Accordingly,

IT IS ORDERED:

1. That Nelson's motion to amend his Section 2255 motion is granted:

2. That Nelson's request for an evidentiary hearing is denied;

3. That Nelson's amended Section 2255 motion is denied;

4. That Nelson's request to order counsel to mail him his files is denied; and

4. That a certificate of appealability is denied in this case.

Dated this 24th day of July, 2012.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Summer Wahofl*
DEPUTY